**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

BILLIE JO HARDIN, *on behalf
of herself and all other similarly situated,*

    Plaintiff,

v.                                      Civil Action No. 3:19-cv-392

LOWE'S HOME CENTERS, LLC,

Serve: Corporation Service Company
         100 Shockoe Slip, Fl. 2
         Richmond, VA 23219-4100,

    Defendant.

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Billie Jo Hardin (hereafter "Plaintiff"), by Counsel, on behalf of herself and all similarly situated individuals, and for her Class Action Complaint against Defendant Lowe's Home Centers, LLC, alleges as follows:

### PRELIMINARY STATEMENT

1. This is a consumer class action brought for willful violations of the Virginia Consumer Protection Act, VA. CODE ANN. §§ 59.1-196–207 ("VCPA"), against Defendant Lowe's Home Centers, LLC.

2. Plaintiff alleges class claims against Lowe's pursuant to § 59.1-200A(1),(2),(3) of the VCPA as to her and the putative Class Members for its: (1) misrepresenting goods or services as those of another; (2) misrepresenting the source, sponsorship, approval, or certification of goods or services; (3) misrepresenting the affiliation, connection, or association of the supplier, or of the goods or services with another.

3. Lowe's violated the VCPA upon Plaintiff's purchase of installation of a refrigerator for her home. She contracted with Lowe's to have it deliver and install the refrigerator, as typically occurs with such purchases. Lowe's, however, never revealed to Plaintiff that Lowe's itself would have no involvement or even supervision of such service and in fact would hire an unrelated, unconnected and unsupervised third party, which would then itself hire an even more remote unrelated, unconnected and also unsupervised installer (collectively, the "Non-Lowe's Vendors"). As the allegations below establish, this misrepresentation caused the Plaintiff material harm, and posed the same (and certainly at least risk of such harm) to putative Class Members.

4. In place of Lowe's, these fly-by-night Non-Lowes Vendors made the delivery and installation, but did not properly connect the water line for the refrigerator's ice maker. The line then leaked, destroying Plaintiff's hardwood flooring and kitchen cabinets.

5. When the Plaintiff then contacted Lowe's and sought its repair of the harm caused by its employees, she learned that Lowe's itself was not in fact involved in the installation and the Defendant then disclaimed any responsibility or obligation to honor its transaction and make necessary repairs.

6. When Lowe's did nothing, Plaintiff sued in Virginia General District Court, mistakenly thinking that would afford an inexpensive and quick path to a remedy for the uncontestable contract breach and damage. She was wrong. Instead, Lowe's pointed to Non-Lowes Vendors for indemnification—two layers of new parties—and drew Plaintiff in to its own battle with such third parties.

7. Beyond her VCPA claim, for which she seeks statutory and treble damages, the Plaintiff also brings this action under the Federal Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA"). The installation of the Plaintiffs' refrigerator was made

2

incidental to the purchase of the appliance. The failure to deliver the installed refrigerator in accordance with its ordinary expected condition and use violated multiple implied and express warranties. Plaintiff's actual damages exceed $50,000 for such violation and she brings her individual action pursuant to 15 U.S.C. § 2310(d), as well as for breach of contract and warranty.

## JURISDICTION

8. This Court has jurisdiction over this case action because it arises between Plaintiff, a citizen of Virginia, and Lowe's, a citizen of North Carolina. *See* 28 U.S.C. § 1332(a). There is more than $75,000 in controversy as Plaintiff suffered more than $50,000 in property damage and the VCPA permits awards of three times actual damages for willful violations. VA. CODE ANN. § 59.1-204.A.

9. She also brings this action with jurisdiction under the MMWA pursuant to 15 U.S.C. § 2310(d)(3), as she has suffered actual damages greater than $50,000.

10. Plaintiff brings her VCPA claim on behalf of a putative class as defined below. This Court has jurisdiction over such action pursuant to 28 U.S.C. § 1332(d)(2) as: (1) there are at least 10,000 consumers in Virginia who have purchased products and connected installation of such products from Lowe's during the class period; (2) those consumer class members all may assert their VCPA claim for statutory damages of $1,000 (with collective damages exceeding $5,000,000); and (3) those Virginians are all diverse as to North Carolina domiciled Lowe's.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant is registered and located in this District and Division.

## PARTIES

12. Plaintiff is a natural person and a consumer protected by the VCPA.

3

13. Defendant Lowes Home Centers, LLC is a foreign corporation doing business in Virginia. At all times relevant to this Complaint, Lowes was in the business of providing goods and services to consumers, and Plaintiff's purchase from Lowe's was for her personal, household use.

**FACTS**

14. On or about November, 2017, Plaintiff purchased a 26.8 cubic foot Frigidaire refrigerator from Defendant and contracted with Defendant for its installation of the appliance at Plaintiff's home.

15. Defendant failed to notify the Plaintiff at the time of purchase that it does not provide delivery of goods like she purchased or services like the installation for which she contracted, but that such services are actually provided through a third-party, Transfer International, Inc.' and whoever it then elects to hire (in this instance, XPO Last Mile, Inc.) which Defendant contracted with as of October 27, 2016.

16. Defendant in fact failed to notify Plaintiff that it had any affiliation with a third-party vendor at all.

17. Defendant misrepresented the goods or services provided by Transfer International, Inc. and/or XPO Last Mile, Inc, as its own. Lowe's misrepresented that the source of the delivery and installation services was Lowe's, when that was not true. Lowe's also misrepresented the affiliation with Transfer International and XPO by failing to disclose them and instead informing Plaintiff that Lowe's would be handling the delivery and installation when that was not true.

18. These misrepresentations were material. Lowe's is a large, national and generally respected retail business with employees and locations easily accessible and resources necessary to honor its obligations and remedy its mistakes. In contrast, the Non-Lowe's Vendors are not any

of these things. They appear to be single individual operations, or small businesses without any known and disclosed location, telephone number or address.

19. On or about December 12, 2017, Defendant had a Non-Lowe's Vendor deliver and install the refrigerator in Plaintiff's home.

20. Shortly after receiving the refrigerator, Plaintiff noticed that the ice machine was not operating and contacted Defendant and requested service.

21. On or about January 13, 2018, Defendant apparently contacted its Non-Lowes Vendor agent, who made a service call and apparently determined that the refrigerator was faulty and needed to be replaced.

22. On or about February 2, 2018, Defendant apparently contacted its Non-Lowes Vendor agent, who delivered and installed the replacement refrigerator to Plaintiff's home.

23. On or about February 7, 2018, Plaintiff noticed that her recently refinished and installed hardwood flooring was bubbling.

24. Plaintiff pulled the refrigerator away from the wall and found that the refrigerator was leaking water and caused extensive damage to her newly installed hardwood flooring. The leaked water also leached into the cabinetry built on top of the hardwood floor, destroying it as well.

25. All told, the damage exceeds $50,000.

26. Plaintiff immediately contacted Defendant regarding the leaking refrigerator and the damage that was caused by the leak.

27. Defendant would not respond and instead apparently contacted and delegated such communications and repairs to its Non-Lowes Vendor agent, which then did the same to an even more remote Non-Lowes Vendor sub-agent. Plaintiff then received a one-page, short "letter" in

the mail without any ordinary letterhead or other necessary contact details. No human name was included. And no business address was provided.

28. After Plaintiff made multiple attempts to obtain repair and assistance from Lowe's and the Non-Lowe's Vendor agent (and sub-agent), she sued Lowe's in Virginia General District Court, a case Lowe's defended by claiming that others (the Non-Lowe's vendors) were responsible for the damage. Lowe's filed a third-party complaint against Transfer International and XPO, seeking to hold them accountable for Plaintiff's damages. And beyond that Lowe's has done nothing.

29. That case is ongoing, with Lowe's, Transfer International, and XPO all claiming that one of the others should reimburse Plaintiff for the damage to her home.

30. Defendant's conduct in the Virginia GDC case shows precisely why it has violated the VCPA by failing to disclose its contractors and the true nature of the delivery and installation of the refrigerator Plaintiff purchased. Plaintiff rightly expected the party with whom she contracted, Lowe's, to accomplish the delivery and installation. She had no reason to think otherwise.

31. Lowe's deceived Plaintiff by hiring someone else to do the delivery and installation without her knowledge or agreement, and then used that deception against Plaintiff when she sought recourse for the damage to her home by responding, effectively, "we didn't damage your kitchen, someone else did. Go get your money from them."

32. By representing that it would conduct the delivery and installation when it knew otherwise, Defendant engaged in a deceptive practice in order to evade liability for Plaintiff's damages.

33. When Plaintiff purchased the refrigerator and incidental installation, it was sold with multiple warranties, including by example only, implied warranties of merchantability and fitness for ordinary purpose.

34. By failing to deliver the refrigerators as represented and refusing to make the repairs as otherwise obligated, Defendant breached these warranties.

## **CLAIMS FOR RELIEF**

### **COUNT ONE – VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT**
**(VA. CODE ANN. § 59.1-196, *et seq.*)**
**Plaintiff and Putative Class**

35. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

36. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for herself and on behalf of a class initially defined as follow:

> All natural persons who on or after the date two years before the filing of this Action purchased at and in a Lowe's store located in Virginia any installation of a product for their residential address from Lowe's Home Centers, LLC and were not notified prior to the sale that such installation was not going to be made by Lowe's.

37. **Numerosity. Fed. R. Civ. P 23(a)(1)**. Upon information and belief, Plaintiff alleges that the Class Members are so numerous that joinder of all is impractical. On information and belief, Plaintiff alleges that at least 5,000 such installation sales have occurred within the previous two years. The names and addresses of the Class Members are identifiable through the internal business records maintained by Lowe's and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

38. **Predominance of Common Questions of Law and Fact**. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative Class, and there are no factual or legal issues that differ between the putative class members. These questions predominate

7

over the questions affecting only individual Class Members. The principal issues are: (a) whether Lowe's notified purchasers that deliveries and installation of products are provided by a third-party; (b) whether Lowe's misrepresented the nature of the services it would provide to purchasers; (c) whether such misrepresentation and omission was material and posed a risk of harm; (d) whether Lowes' violation was willful; and (e) what is the proper measure of statutory damages.

39. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative Class Member. Plaintiff, as well as every punitive Class Member, allege the same violations of the VCPA. This claim challenges Lowe's uniform procedures for providing full disclosure to purchasers of their contract with third-party providers. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative Class.

40. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative Class, because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she has and intends to continue to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor her attorneys have any interests that might cause them not to vigorously pursue this action.

41. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, none of the Class Members would have known of the facts underlying the violation or of the legal basis for this action absent this lawsuit. It would be virtually impossible

for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

42. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect ot Plaintiff and the Class members, Fed. R. Civ. P. 23(b)(2).

43. Defendant entered into a consumer transaction as defined in Va. Code § 59.1-198 with Plaintiff and each putative Class Member.

44. Defendant Lowe's was a supplier of consumer goods and services as defined in Va. Code § 59.1-198 as to Plaintiff and each putative Class Member.

45. In the course of Defendant's business, it willfully failed to disclose and actively concealed the contract it had with third-party providers of delivery and installation services. Accordingly, Lowe's engaged in acts and practices violating the VCPA.

46. Defendant violated the VCPA as to Plaintiff and member of the putative Class in multiple ways, including by example only and without limitation: (1) misrepresenting goods or services as those of another entity than in fact; (2) misrepresenting the source, sponsorship, approval, or certification of goods or services; (3) misrepresenting the affiliation, connection, or association of the supplier, or of the goods or services; and (4) using other deception, fraud, false

pretense, false promise, or misrepresentation in connection with a consumer transaction. VA. CODE ANN. § 59.1-200.A.

47. Defendant's actions as set forth above occurred in the conduct of trade or commerce.

48. Defendant's conduct proximately caused injuries to Plaintiff and the other Class Members.

49. Plaintiff and each putative Class member would have necessarily relied upon such misrepresentations and ommissions.

50. Plaintiff and the other Class Members were injured as a result of Defendant's conduct in that the Plaintiff and the other Class Members were not notified that Defendant was not involved, connected to, overseeing and responsible for the installations to be made in fact by a Non-Lowe's Vendor, as the installation by a Non-Lowe's Vendor was less valuable and of greater uncertainty and risk than if made by Lowe's itself.

51. Defendant violated § 59.1-200 of the VCPA as to the Plaintiff and putative Class Members by: (1) misrepresenting that it provide delivery and installation of appliances purchased by consumers; (2) misrepresenting the affiliation, connection, or association of the third-party providers; and (3) misrepresenting the affiliation, connection, or association of the suppliers, or of the goods or services with another.

52. Lowe's further violated the VCPA in that its conduct was carried out with reckless disregard and intent, and were thus willful, rendering Lowe's liable pursuant to § 59.1-204(a), entitling each Class member to $1,000 in statutory damages.

53. In the alternative to the allegation that Defendant's violations were willful, Lowe's is liable pursuant to § 59.1-204(a), entitling each Class member to $500 in statutory damages.

54. Plaintiff and the putative Class Members are entitled to recovery costs, and attorneys' fees from the Defendant in an amount to be determined by the Court.

## COUNT TWO – FRAUD
### Plaintiff Individually

55. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

56. Such misrepresentations and omissions alleged above also constituted fraud by Lowe's against the Plaintiff.

57. As alleged above, Plaintiff reasonably relied upon such misrepresentations in deciding whether to purchase the refrigerator and connected installation from Lowe's.

58. Defendant's misrepresentations and conduct allowing same were deliberately and intentionally made such to constitute actual malice.

59. Plaintiff suffered actual economic loss damages in loss of property and loss of use in excess of $50,000.00.

60. Plaintiff is entitled to and Lowe's is responsible to pay punitive damages.

## COUNT THREE – BREACH OF CONTRACT
### Plaintiff Individually

61. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

62. Plaintiff paid Defendant for a refrigerator and the delivery and installation of that refrigerator. Defendant failed to effectively accomplish the delivery and installation

63. Defendant breached the contract between Plaintiff and Defendant to sell and properly install the refrigerator. Defendant failed in its part of the bargain Such misrepresentations

and omissions alleged herein caused Plaintiff and the other Class members to purchase such delivery and installation through Lowe's.

64. Plaintiff suffered actual economic damages in loss of property and loss of use in excess of $50,000.00.

### COUNT FOUR – VIOLATION OF FEDERAL MAGNUSON MOSS WARRRANY ACT
(15 U.S.C. §§ 2301, *et seq.*)
**Plaintiff Individually**

65. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

66. The installation of the Plaintiffs' refrigerator was made incidental to the purchase of the appliance.

67. The failure to deliver the installed refrigerator in accordance with its ordinary expected condition and use violated multiple implied and express warranties.

68. Defendant is liable to Plaintiff for breach of these warranties as well as pursuant to 15 U.S.C. § 2310(d).

69. Plaintiff suffered actual damages in loss of property and loss of use in excess of $50,000.00.

70. Pursuant to 15 U.S.C. § 2310(d), Plaintiff is entitled to recovery of their costs, and attorneys' fees from the Defendant in an amount to be determined by the Court.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Billie Jo Hardin, request that the Court enter judgment on behalf of herself and the class she seeks to represent against Defendant for: (1) certification for this matter to proceed as a class action under Rule 23, with Plaintiff and her Counsel appointed to represent

the Class; (2) for statutory, actual, and punitive damages, as pleaded herein; (3) for attorneys' litigation expenses and costs of suit; and (4) such other or further relief as the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

        Respectfully submitted,
        BILLIE JO HARDIN,

        BY: \_\_/s/_____
        Leonard A. Bennett, VSB #37523
        Craig C. Marchiando, VSB #89736
        CONSUMER LITIGATION ASSOCIATES, P.C.
        763 J. Clyde Morris Blvd., Suite 1A
        Newport News, Virginia 23601
        (757) 930-3660
        (757) 930-3662 Facsimile
        Email: lenbennett@clalegal.com
        Email: craig@clalegal.com